UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Select Portfolio Servicing, Inc., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | C.A. No.02:07-cv-116 | |
| § | | |
| Paul Obersteller and All Other Occupants § | | |
|     Defendants. § | | |

## OPINION AND ORDER GRANTING MOTION TO REMAND

Before the Court is plaintiff's Motion to Remand (D.E. 4). Finding (again) that removal was improper, the Court REMANDS this forcible detainer action to the Justice Court, Precinct 4, Position 1, of San Patricio County, Texas.

I.

This is the second time this Court has had to rule on a motion to remand in this dispute. In the prior action, *Select Portfolio Servicing, Inc., v. Paul Obersteller and All Other Occupants*, 2:06-cv-309, the Court remanded the forcible detainer action after explaining why there was no basis for removal. *See* Docket Entry 5 in 2:06-cv-309. Obersteller then appealed this Court's Order to Remand to the Fifth Circuit (D.E. 8, 2:06-cv-309), but his appeal was dismissed for want of prosecution (D.E. 11, 2:06-cv-309). A month after the appeal was dismissed, the remanded forcible detainer proceeding having begun anew, Obersteller again removed the vary same action from the Justice Court to this Court (D.E. 1, 2:07-cv-116).

II.

In general, removal is proper only when the state court action could have been filed in a federal court in the first place. 28 U.S.C. § 1441 (2007); *See also* 14 B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3721 (3d ed. 1998). The requirement that there be original jurisdiction before allowing removal has been enforced "in innumerable cases by courts at all levels of the federal judiciary." 14 B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3721 at 292, 292 n.24 (giving 7 pages of supporting note cases).

As explained in the Court's first order to remand (D.E. 5, 2:06-cv-309) there exists no original jurisdiction in this eviction dispute. While the parties are from different states, Obersteller cannot remove on the basis of diversity jurisdiction because, as a properly joined defendant in the underlying state action, "he is a citizen of the State in which such action is brought." 28 U.S.C § 1441(b); *Getty Oil Corp. v. Insurance Co. of N. America*, 841 F.2d 1254, 1258 (5th Cir. 1998) .

There is also no basis for removal under federal question jurisdiction. Under the well-pleaded complaint rule, jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Here, this inquiry is based on Select Portfolio's forcible detainer petition filed in the Justice Court. A state court defendant may not remove on the basis of a federal defense, but instead must show that a federal right is an element of the *plaintiff's* cause of action in state court.

*Carpenter*, 44 F.3d at 366 (emphasis added). Finally, asserting federal counter-claims in the notice of removal does not create federal question jurisdiction. 14 B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3d § 3721 at 319, 319 n.76.

In short, nothing has changed since this Court issued its prior Memorandum Opinion and Order of Remand (D.E. 5, 2:06-cv-309). Obersteller's non-prosecuted appeal, and second removal, are blatant dilatory tactics to avoid the forcible detainer suit. The Court holds that removal was improper.

III.

Select Portfolio asks this Court to award sanctions for the improper removal under 28 U.S.C. § 1447(c). When a district court has found a removal to be improper, it still has discretion in deciding to award attorneys' fees under § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Even if removal was subjectively made in good faith, the Court may still award sanctions under § 1447(c). *Id.* In deciding to award sanctions, the Court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Id.* (quoting *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993)). Therefore, the standard for awarding sanctions under § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper. *Id.*

The standard for sanctions under § 1447(c) is similar to Rule 11's requirement of an inquiry into the objective legal basis of a claim. While pro se litigants may be sanctioned under Rule 11, they are held to a lower standard of accountability. *Horton v. Trans World*

*Airlines Corp.*, 169 F.R.D. 11, 16 (E.D.N.Y. 1996); *Mayfield v. Klevenhagen*, 911 F.2d 346, 348 (5th Cir. 1991).  This standard of accountability is on a sliding scale according to the litigant's level of sophistication.  *Horton*, 169 F.R.D. at 16; *Soling v. New York State,* 804 F.Supp. 532, 538 (S.D.N.Y. 1992).  Sanctioning a pro se litigant is more appropriate when the pro se litigant has been previously warned by the Court. *Horton*, 169 F.R.D. at 16.

Although this body of law was pronounced in the context of Rule 11, the Court finds it persuasive and applies it here.  The Court holds that Obersteller had no "objectively reasonable grounds to believe the removal was legally proper."   *Valdes*, 199 F.3d at 292.  The Court's previous Order of Remand made clear, even to a pro se litigant, that there was no legal basis for removal.  Obersteller has managed several pro se actions in this Court, three of which are currently pending. His legal and procedural sophistication are above average for a pro se litigant.   This  Court has already sanctioned Obersteller by dismissing one of his bankruptcy appeals for making frivolous legal arguments and for employing dilatory tactics.  *See* Docket Entry 7 in 2:06-cv-451.

The Court GRANTS plaintiff's Motion to Remand (D.E. 4).  The Court REMANDS this forcible detainer action to the Justice Court, Precinct 4, Position 1, of San Patricio County, Texas.  Pursuant to 28 U.S.C. § 1447(c) and Rule 11 of the Federal Rules of Civil Procedure, the Court AWARDS plaintiff costs and fees.  Plaintiffs have asked for $2,500, but provided no affidavit or other evidence of their costs.  The Court, taking notice that some cost and fees were incurred, awards plaintiff $500.

Finally, the Court ORDERS that defendant is prohibited from removing this forcible detainer action to any federal court. The Court WARNS defendant that if he makes any future attempt to remove this action the Court will order additional sanctions in the amount of $25,000. The Defendant's right to access this Court on any matter other than the removal of the forcible detainer action is in no way affected.

Ordered this 14 day of June, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE